**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 26-cv-24097-EA**

**Micheal Geovanni Richards**,

      Petitioner,

v.

**ICE** *and* **DHS,**

      Respondents*.*

_____/

## <u>ORDER OF DISMISSAL FOR FAILURE TO PROSECUTE</u>

**THIS CAUSE** comes before the Court upon a *sua sponte* review of the docket.  On June 16, 2026, this Court ordered *pro se* Petitioner Micheal Geovanni Richards ("Petitioner") to either pay the Clerk's $5.00 filing fee or file a legally sufficient Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") on or before July 15, 2026 [ECF No. 4].  That deadline has now passed, and Petitioner has neither paid the Clerk's filing fee, filed an IFP Motion, nor requested additional time to do so.  Therefore, the Petition is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and comply with this Court's orders.

Courts are vested with the inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases" and "to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962).  "The court's power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983).  Accordingly, "[a] district court can dismiss a case *sua sponte*" if a party "fails to comply with a court order." *Daker v. Comm'r, Ga. Dep't of Corr.*, 850

F. App'x 731, 733 (11th Cir. 2021) (citing *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005)); *Jamerson v. Sec'y Dep't of Corr.*, 774 F. App'x 623, 624 (11th Cir. 2019) ("In general, a dismissal without prejudice is not an abuse of discretion" (citing *Dynes v. Army Air Force Exchange Serv.*, 720 F.2d 1495, 1499 (11th Cir. 1983))).

That disposition is warranted here. On June 11, 2026, this Court docketed Petitioner's *pro se* Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 [ECF No. 1]. However, Petitioner failed to either pay the Clerk's $5.00 filing fee or file a legally sufficient IFP Motion [*see* ECF No. 4 p. 1]. Therefore, the Court directed Petitioner to, on or before July 15, 2026, either pay the Clerk's $5.00 filing fee or file a legally sufficient IFP Motion [ECF No. 4 p. 2]. The Court warned that this was Petitioner's "**final opportunity** to file a compliant IFP Motion or pay the $5.00 filing fee," and that "[f]ailure to comply with this Order, the Rules of Civil Procedure, the Local Rules, or the Rules Governing Section 2254 Cases **will** result in dismissal of this case without prejudice and without further notice" [ECF No. 4 p. 2 (emphasis in original)].

Despite this Court's clear directive, Petitioner has failed to either pay the Clerk's filing fee, file an IFP Motion on the docket, or request additional time to do so. Accordingly, dismissal of this action without prejudice is warranted.

Therefore, it is **ORDERED AND ADJUDGED** that:

1. This case is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute or comply with Court orders.

2. All pending motions are **DENIED AS MOOT**.

3. The Clerk is ordered to **CLOSE** this case.

4. The Clerk shall **MAIL** a copy of this order to Petitioner at the address listed below and **file a Notice of Compliance confirming the same**.

2

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 4th day of August 2026.



**ED ARTAU**
**UNITED STATES DISTRICT JUDGE**

Copies Served:

**Micheal Geovanni Richards,** *pro se*
220 835 755
Miami FDC
Federal Detention Center
Inmate Mail/Parcels
Post Office Box 019120
Miami, FL 33101

**Noticing 2241/Bivens US Attorney**
Email: usafls-2255@usdoj.gov

**Noticing INS Attorney**
Email: usafls-immigration@usdoj.gov